UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MR. TODD C. FORD , JR., <br><br> Plaintiff, <br><br> v. <br><br> EUGENE CALDWELL et al., <br><br> Defendants. | Civil Action No. 22-4500 (MCA) <br><br> **MEMORANDUM OPINION** |

This matter has come before the Court on Defendant Well Path's motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief, and, in the alternative, for summary judgment under Fed. R. Civ. P. 56. (ECF No. 47.) For the reasons explained below, Well Path's hybrid motion is denied, and the Court dismisses without prejudice Plaintiff's claims against Well Path pursuant to its broad screening authority under 28 U.S.C. § 1915(e)(2)(B). Plaintiff is provided leave to submit an amended complaint within 45 days <u>or</u> proceed only against the remaining Defendants by filing a motion to extend the time to serve them. If Plaintiff chooses to submit an amended complaint, he may not submit piecemeal addenda to his amended complaint, and must put all his facts and claims in a single all-inclusive amended complaint.

I.  FACTUAL ALLEGATIONS & PROCEDURAL HISTORY

a.  The Complaint's Allegations Against Well Path[1]

Plaintiff Todd C. Ford Jr. was allegedly transferred from Cumberland County Jail to Hudson County Jail on May 13, 2022, and was exposed to COVID-19 at Hudson County Jail

---

[1] Plaintiff also sued Warden Oscar Avilles and Former Warden Ronald Edwards as supervisors for deficient COVID-19 policies and protocols at Hudson County Jail. The District Court

when he arrived there. (Complaint at 7-8.) Although Plaintiff initially tested negative for COVID-19, he started experiencing symptoms of COVID-19, including coughing, sneezing, headache, and a runny nose. Plaintiff alleges he is asthmatic, and, on May 30, 2022, he wrote on the Kiosk that he was having shortness of breath, but he received no response from the medical department. (*Id.* at 8.) Plaintiff also allegedly filled out a medical form, which he had to rewrite twice, and informed a nurse directly about his medical issues, but he received no medical attention. (*Id; see also* ECF No. 1-3, Exhibit C at 11; *see also* ECF No. 2, Exhibit A.)

Plaintiff was forced to use his "Qvar Redihaler . . . rapidly and excessively" during this period, and his severe symptoms began to subside after about four days. (Exhibit C at 11; *see also* Complaint at 8.) Plaintiff also alleges that his symptoms resolved after seven days. (*Id.* at 12.) Plaintiff contends that other detainees at Hudson County Jail also had COVID-19 and asked for medical attention through the Kiosk, by submitting a medical forms, and by asking medical staff, but they also received no medical attention. (*Id.* at 13, 25.)

Plaintiff's has attached "copies" of the medical forms he allegedly sent to the medical department at Hudson County Jail. (Exhibit A.) The first medical form is dated May 30, 2022, and Plaintiff reports his breathing issues and notes that he submitted a request on the Kiosk. (*See id.* at 3.) The second medical form is dated June 19, 2022, and Plaintiff states that he does not have his medications, including his emergency asthma pump (Albuterol), Tylenol for headaches, and Remeron for depression and anxiety. (*Id.* at 2.)

In his Complaint, Plaintiff alleges that Well Path:

> Failed to provide proper medical services upon my exposure and suffering from "COVID-19" during this deadly pandemic. While

---

proceeded claims against these Defendants, but they have not been served, and the Court does not address the facts and claims relevant to them at this time or address whether the Complaint asserts claims against the County of Hudson.

>also having an underling [sic] health issue as a "asthmatic" and being a long hauler of COVID-19 from previous exposures at Cumberland County Jail. Also failed to prevent the spread of COVID-19.

(Complaint at 5.)  Plaintiff seeks injunctive and declaratory relief, as well as damages.

### b. Procedural History

On July 8, 2022, Plaintiff submitted his Complaint, which included three exhibits, and an application to proceed *in forma pauperis* ("IFP application").  (ECF Nos. 1, 1-1, 1-3, 2.)  This matter was initially assigned to the Honorable Noel L. Hillman.  By Order dated July 12, 2022, the District Court granted Plaintiff's IFP application and directed the Clerk of the Court to file the Complaint.  (ECF No. 4.)  Between July 28, 2022 and March 17, 2023, Plaintiff submitted 26 letters, exhibits, and other addenda that attempt, albeit improperly, to supplement or amend his original complaint.  (ECF Nos. 5-29, 35.)

Subsequently, the District Court conducted a preliminary screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed all claims except Plaintiff's Fourteenth Amendment claims against Warden Oscar Aviles, former Warden Ronald Edwards, and Well Path, which is the medical provider at Hudson County Jail.  The Court's Order proceeded Fourteenth Amendment conditions of confinement and denial of medical care claims against Aviles, Edwards, and Well Path.  (ECF No. 31.)  In proceeding the inadequate medical care claims against Well Path, the District Court's decision mentions three of Plaintiff's addenda.  (*See* ECF No. 30 at 8 (citing ECF Nos. 10, 21, 26).)  The District Court also noted, however, that its screening was preliminary and did not insulate Plaintiff's Complaint from dismissal under Fed. R. Civ. P. 12(b)(6).  (*See id.* at n.1.)

On April 18, 2023, the Magistrate Judge denied Plaintiff's motion for pro bono counsel, noting that none of the Defendants had been served or responded and that the motion was

premature. (ECF No. 36.) On April 21, 2023, summons was returned executed by Well Path. (ECF No. 38.) Summons was returned unexecuted by Avilles and Edwards, and the summons forms indicate that these individuals no longer work at Hudson County Jail. (ECF No. 37.)

On June 5, 2023, this matter was transferred to the undersigned. (ECF No. 46.)

On June 9, 2023, Well Path filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief, and, alternatively, for summary judgment under Fed. R. Civ. P. 56. Well Path also filed a motion to seal Plaintiff's medical records, which the Magistrate Judge granted on August 30, 2023. (ECF Nos. 52, 55.)

Plaintiff did not file an opposition brief to Defendants' motion to dismiss. On June 12, 2023 and September 7, 2023, however, Plaintiff submitted additional letters about his medical care that attempt to supplement his claims and potentially add individual defendants. (ECF No. 48.) Defendants filed a reply brief on June 26, 2023. (ECF No. 50.)

On June 23, 2023, July 5, 2023, and October 10, 2023, Plaintiff filed a letters asking for counsel. (ECF Nos. 49, 53, 57.) On January 2, 2024, Plaintiff filed a motion for pro bono counsel. (ECF No. 58.)

Most recently, on January 24, 2024, the Clerk's Office docketed Plaintiff's notice of change of address, which states that Plaintiff is currently incarcerated at Bayside State Prison. (ECF No. 59.)

## II.  RELEVANT STANDARDS OF REVIEW

Defendants have moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). Because Plaintiff is proceeding *in forma pauperis*, the Court also has broad screening authority under the PLRA. *See* 28 U.S.C. § 1915(e) (mandating that a court "shall dismiss the case at any time if ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.'"). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Under the motion to dismiss and screening standards, the Court accepts facts alleged in the pro se complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (citing *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). The Court does not credit conclusory allegations. *Iqbal*, 556 U.S. at 678. Because Plaintiff is proceeding pro se, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

### a. Well Path's Hybrid Motion

Well Path has filed a hybrid motion that seeks dismissal under Rule 12(b)(6) and alternatively seek summary judgment under Rule 56, and contends that this hybrid motion is authorized by Fed. R. Civ. P. 12. Rule 12(d) permits a district court to convert a motion under Rule 12(b)(6) or 12(c) to a summary judgment motion under limited circumstances and after notice to the non-moving party. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion

must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion").

Importantly, however, a district court may not convert a motion to dismiss into a summary judgment motion without notice to a pro se plaintiff, which consists of, at a minimum, "a paper copy of the conversion Order, as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule 56(f) affidavit." *Renchenski v. Williams*, 622 F.3d 315, 340 (3d Cir. 2010).  Courts in this District have held that hybrid motions filed in lieu of an answer do not satisfy the Third Circuit's directive to provide clear notice to pro se prisoners regarding what they must do to avoid losing a summary judgment motion. *See Visintine v. Zickefoose*, No. 11–4678, 2012 WL 6691783, at *2-3 (D.N.J. Dec. 21, 2012) (explaining that a hybrid motion filed in lieu of an answer " creates unnecessary confusion for a pro se litigant").  Here, the Court declines to convert the motion to dismiss into a summary judgment motion and only considers Plaintiff's Complaint and the exhibits attached to his Complaint.  (ECF No. 1, 1-3, 2.).

Well Path also argues that Plaintiff's Complaint fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6).  The Court agrees but not for the reasons stated by Well Path.  Well Path's Rule 12(b)(6) arguments also hinge on whether the Court can consider evidence outside the Complaint, including medical staff's responses to Plaintiff's requests for medical treatment.  Well Path appears to assert that Plaintiff's exhibits (which they characterize as "recreations" of medical forms he claims to have submitted) allow it to submit the actual forms and the responses from the medical department for the relevant period.  Generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  In resolving a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6), a court can consider the allegations of the complaint as well as any "documents that are attached to or submitted with the complaint, ... any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (brackets in original). Where a document is "integral to or explicitly relied upon in the complaint," it "may be considered without converting the motion to dismiss into one for summary judgment" under Fed. R. Civ. P. 56. *See Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) ("USciences") (quoting *Burlington*, 114 F.3d at 1426). But even where a document is integral to and explicitly relied upon in the complaint, "consideration [of that document] only goes so far." *Doe v. Princeton University*, 30 F.4th 33, 34 (3d Cir. 2022). Here, the Court declines to consider Well Path's evidence that medical staff responded to Plaintiff's requests for medical care and provided appropriate care, because it directly contradicts Plaintiff's allegations in the Complaint.

b. **Screening the Complaint Under 28 U.S.C. § 1915(e)(2)(B)**

Because the Court has broad screening authority, and the prior District Judge noted the preliminary nature of its screening, this Court elects to screen Plaintiff's claims against Well Path for dismissal under 28 U.S.C. § 1915(e)(2)(B). *See, e.g.*, *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (discussing mandatory but flexible language of 28 U.S.C. § 1915(e), which mandates that 'a court <u>shall</u> dismiss the case <u>at any time</u> if ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.'") (citing 28 U.S.C. § 1915(e)(2)(B)) (emphasis in original).

From the outset, the Court declines to aggregate Plaintiff's numerous letters and addenda that attempt to add to his Complaint in a piecemeal fashion. *See Martin v. New Jersey*, No. 19-12979, 2021 WL 4776010, at *1 (D.N.J. Oct. 13, 2021); *see also Lewis v. Sessions*, No. 17-5475, 2017 WL 7313822, at *2 (D.N.J. Nov. 3, 2017) ("neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [a plaintiff] to submit numerous addenda to his Complaint in ... piecemeal fashion"). As noted above, the Court considers only Plaintiff's Complaint and the exhibits attached to that Complaint (ECF Nos. 1, 1-3, 2) in assessing whether he states any federal claims against Well Path.

Plaintiff alleges in his Complaint that Well Path has denied Plaintiff adequate medical care in violation of his constitutional rights and failed to prevent the spread of COVID-19, which Plaintiff characterizes as a deadly disease. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or the laws of the United States committed by a person acting under the color of state law." *Natale v. Camden Cnty. Correctional Facility*, 318 F.3d 575, 580–81 (3d Cir. 2003) (citations omitted). The Constitution requires "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In addition, prison officials "must take reasonable measures to guarantee the safety of the inmates." *Id.* (internal quotation mark omitted) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *see also Duran v. Merline*, 923 F.Supp.2d 702, 719 (D.N.J. 2013) (explaining that the Constitution mandates that prison officials satisfy inmates' "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety") (citing *Helling v. McKinney*, 509 U.S. 25, 32 (1993)).

As a pretrial detainee, Plaintiff's right to adequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *See Natale*, 318 F.3d at 581. In order to state a

claim for relief, Plaintiff must show a "(1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale*, 318 F.3d at 582 (cleaned up).  To state a Fourteenth Amendment claim for failure to protect, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the prison official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm.  *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer*, 511 U.S. 834).

      Here, Plaintiff alleges in his Complaint that he has asthma and began to experience symptoms, including shortness of breath, after he contracted COVID-19 at Hudson County Jail.  Plaintiff also alleges that he submitted requests for medical attention through the Kiosk, through paper forms, and directly to a nurse, but the medical department and/or individual medical staff ignored his requests for medical attention.  Plaintiff also alleges that other inmates' requests for medical treatment were also ignored.  Plaintiff separately alleges that there was at least a one-month delay in providing Plaintiff with his medications, including his emergency asthma pump, Tylenol, and Remeron, and he provides copies of the medical request forms he submitted.

      The Court assumes that Plaintiff's COVID-19 symptoms, which include shortness of breath, amount to a serious medical need in light of his asthma.  The Court also assumes that Plaintiff had a serious medical need for his emergency asthma pump and Remeron.  Plaintiff could potentially state a claim under the Fourteenth Amendment against the individual medical staff members who failed to provide Plaintiff with medical care for his shortness of breath, despite his repeated requests, and failed to provide Plaintiff's emergency asthma pump and

Remeron to the extent those staff members knew Plaintiff had serious medical needs and failed to address them.[2]

To state a claim for relief under § 1983 against Well Path, however, Plaintiff must do more than allege that medical staff or the "medical department" ignored his serious medical needs. As the Third Circuit has explained, a private company providing prison health services "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." *See Natale*, 318 F.3d at 583 (citing *Monell v. Department of Social Services*, 436 U.S. 691 (1978)). Instead, a plaintiff must plead the elements of a *Monell* claim, which may proceed in two different ways. *See, e.g., Estate of Roman v. City of Newark*, 914 F.3d 789, 798–99 (3d Cir. 2019) (describing the two types of municipal liability).

First, Plaintiff could allege facts showing that there is a relevant policy or custom adopted by Well Path and that the policy or custom resulted in the alleged constitutional violation(s). *See Natale*, 318 F.3d at 583-84 (citing *Bd. of Cnty. Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997)). "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009)); *see also Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) ("a plaintiff presenting an unconstitutional policy must point to an official proclamation, policy or edict by a decisionmaker possessing final authority to establish municipal policy on the relevant subject"). Once a policy or custom is identified, a plaintiff must also allege facts stating a plausible connection between the policy and the alleged constitutional harm. *See Palakovic v. Wetzel* 854

---

[2] Plaintiff has not sued or identified any of the individual medical staff members at Hudson County Jail and has not pleaded in his Complaint that any individual staff members knew he had serious medical needs and failed to address them.

F.3d 209, 232 (3d Cir. 2017) ("To state a claim against a private corporation providing medical services under contract with a state prison system, a plaintiff must allege a policy or custom that resulted in the alleged constitutional violations at issue."). Alternatively, Plaintiff could state a *Monell* claim against Well Path by alleging a failure to supervise, train, or discipline, and must provide facts showing that the failure amounts to deliberate indifference to the constitutional rights of those affected. *Forrest*, 930 F.3d at 106.

In sum, to proceed under § 1983 against Well Path, Plaintiff must provide facts showing 1) that he was denied medical attention as a result of a specific policy or custom of Well Path, <u>or</u> 2) that he was denied medical attention due to Well Path's failures to train, supervise, or discipline medical staff members. Similarly, to state a claim based on the delay in providing his medications, Plaintiff must provide facts showing that his medications were delayed as a result of a policy or custom of Well Path or due to a failure to supervise, train, or discipline. Here, Plaintiff's Complaint fails to identify a policy or custom of Well Path that caused his alleged constitutional injuries. Plaintiff also fails to allege any facts showing that Well Path failed to supervise, train, or discipline staff, or that those failures led to the violation of his rights. For these reasons, the Court dismisses without prejudice Plaintiff's inadequate medical care claims against Well Path for failure to state a claim for relief under § 1915(e)(2)(B).

Plaintiff also states in passing that Well Path "failed to prevent the spread of COVID-19." This allegation is conclusory and is not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 678. Moreover, Plaintiff's Complaint does not provide any facts to suggest that Well Path's alleged failure to prevent the spread of COVID-19 occurred as the result of Well Path's policies or customs or a failure to train, supervise, or discipline. As such, this claim is also dismissed without prejudice as to Well Path for failure to state a claim for relief.

Courts must permit a plaintiff to cure deficiencies in his civil rights complaint unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Here, Plaintiff may be able to provide additional facts to support his claims against Well Path or the individual medical staff that he identifies in his many piecemeal submissions. The Court provides Plaintiff with leave to submit an amended complaint against Well Path and/or the individual medical staff members within 45 days. Plaintiff shall submit <u>one all-inclusive amended complaint</u>; the Court will not consider piecemeal submissions or addenda as part of Plaintiff's amended complaint.

If Plaintiff submits an amended complaint, it will replace all prior complaints. *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity" and "the most recently filed amended complaint becomes the operative pleading."). Furthermore, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (per curiam); *see also Kreis v. Northampton Cnty. Prison*, 564 F. Supp.3d 359, 361 (E.D. Pa. 2021). If Plaintiff files an amended complaint and wishes to reassert claims against Avilles and/or Edwards,[3] he must include those claims and supporting facts in his amended complaint.

Alternatively, Plaintiff could choose not to amend and to proceed on his original complaint against Defendants Avilles and Edwards <u>only</u>.[4] If Plaintiff elects that option, he must seek an extension of time to serve Defendants Avilles and Edwards and obtain their current

---

[3] Plaintiff is also free to assert a *Monell* claim against the County of Hudson, if appropriate, but must include facts to support the elements of that claim.

[4] To be clear, Plaintiff may <u>either</u> submit an amended complaint that includes all claims and defendants <u>or</u> proceed on the original complaint by filing a motion to extend the time to serve Avilles and Edwards.

addresses.  If Plaintiff does not submit an amended complaint or motion to extend his time for service within 45 days, the Court will enter a notice of call for dismissal of the original complaint for lack of service under Fed. R. Civ. P. 4m.

Finally, the Court will administratively terminate the motion for counsel (ECF No. 58) because the Court has dismissed the claims against Well Path and the remaining two individual Defendants, Avilles and Edwards, have not been served within the time provided by Fed. R. Civ. P. 4m.[5]  Plaintiff may seek to reactivate his motion for counsel or file a new one if he submits an amended complaint or a motion to extend the time to serve the original complaint.

## IV.     CONCLUSION

For the reasons explained in this Memorandum Opinion, Well Path's hybrid motion is denied and the Court dismisses without prejudice Plaintiff's claims against Well Path pursuant to its broad screening authority under 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is provided leave to submit an amended complaint within 45 days.  Plaintiff may not, however, continue to submit piecemeal addenda to his complaint, and must put all his facts and claims in a single all-inclusive amended complaint.  If Plaintiff chooses to proceed on the original complaint against Avilles and

---

[5] Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*. *See Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993).  The "critical threshold determination" for appointing counsel is whether the case "has arguable merit in fact and law." *See Tabron*, 6 F.3d at 158.  In deciding whether to appoint counsel the Court also considers the following factors: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Tabron*, 6 F.3d at 155-157.  The Court finds that it would be better to conduct this analysis after Plaintiff submits an amended complaint or files a motion to extend the time to serve Avilles and Edwards.  If the Court were to conduct this analysis now, it would deny Plaintiff's motion for counsel because there are no live claims against Well Path, and Plaintiff has not served Avilles or Edwards.

Edwards only, he must file a motion to extend the time to serve these Defendants and obtain their current addresses. Finally, the Court will direct the Clerk of the Court to administratively terminate the motion for counsel (ECF No. 58), and Plaintiff may seek to reactivate that motion if he submits an amended complaint or a motion to extend the time to serve Avilles and Edwards. An appropriate Order follows.

1/30/24

Hon. Madeline Cox Arleo
United States District Judge